NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000459
17-NOV-2017
08:20 AM**

NO. CAAP-17-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SAMUEL COOPER, JR., Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0005 (CR. NOS. 99-0-1708 and 00-1-0474))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Leonard and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Petitioner-Appellant Samuel Cooper, Jr.'s (Appellant Cooper), appeal from Respondent-Appellee State of Hawaii's (Appellee State) April 28, 2017 answer to Appellant Cooper's March 21, 2017 petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP) in S.P.P. No. 17-1-0005. Apparently, Appellant Cooper mistakenly believes that Appellee State's April 28, 2017 answer is an order of the circuit court, the Honorable Colette Y. Garibaldi presiding.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawaiʻi 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see [Hawaii Revised Statutes (HRS)] § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double

jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Therefore, pursuant to HRS § 641-11 (2016) and "HRPP [Rule] 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Hawai'i courts have consistently acknowledged in analogous circumstances that an order qualifies as an appealable final order in its own right only if it meets the test of finality applicable to all judicial decisions. Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) (citation omitted). The nature and effect of the order controls whether the order is final:

> "Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Id. (citations and internal quotation marks omitted). As the Supreme Court of Hawai'i explained in a similarly premature appeal from a HRPP Rule 40 post-conviction relief proceeding that lacked a final judgment or final order,

> [w]hile we treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever. . . . Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.

Grattafiori v. State, 79 Hawai'i at 14, 897 P.2d at 941 (original emphasis).

Likewise in the instant case, the circuit court has not yet entered a final order or final judgment that resolves all of the issues in Appellant Cooper's March 21, 2017 HRPP Rule 40 petition for post-conviction relief in S.P.P. No. 17-1-0005. Absent an appealable final order or appealable final judgment,

Appellant Cooper's appeal in appellate court case number CAAP-17-0000459 is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000459 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, November 17, 2017.



Chief Judge


Associate Judge


Associate Judge

3